Case: 1:95-cr-00510 Document #: 1815 Filed: 05/24/12 Page 1 of 1 PageID #:2618

AO 247 (Rev. 11/11)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Harold Jackson | ) | Case No: 95-CR-510-5 |
| | ) | USM No: #06811-424 |
| Date of Original Judgment: 06/24/1998 | ) | |
| Date of Previous Amended Judgment: 04/22/2004 | ) | Gerald Joseph Collins |
| *(Use Date of Last Amended Judgment if Any)* | | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(Complete Parts I and II of Page 2 when motion is granted)*

> Harold Jackson's motion for a reduction in sentence is denied. He is not entitled to a reduction under 18 U.S.C. sec. 3582(c) because the amendment does not reduce the applicable Sentencing Guidelines range. Contrary to Mr. Jackson's statement, at sentencing he was not found to be responsible solely for 1.5 kg of crack cocaine. The finding was that he was responsible for "at least" that amount of crack, which was the amount that brought him at the time into the sentencing range that was applicable. However, other statements by the sentencing judge, and the other evidence, show that Mr. Jackson was responsible for more than 2.8 kilograms of crack and 150 kilograms of powder cocaine. Mr. Jackson does not dispute the government's arguments on this point. In reply, he mistakenly states that he should be given a reduction because a co-defendant in his case, Jathel Garrett, was allegedly given a reduction in base level. However, apart from the fact that the amount of drugs for which each person is responsible must be individually determined, Garrett's motion for a reduction was denied following my determination that he was responsible for more than 2.8 kilograms of crack cocaine.

Except as otherwise provided, all provisions of the judgment dated  04/22/2004  shall remain in effect.
**IT IS SO ORDERED.**

Order Date:  05/24/2012

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Elaine E. Bucklo    District Court Judge
*Printed name and title*

