FILED
1-15-14
JAN 15 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 95-CR-510-5 |
| Plaintiff, | ) | Judge: Elaine E. Bucklo |
| | ) | |
| vs | ) | |
| | ) | |
| HAROLD JACKSON, | ) | |
| Defendant. | ) | |

## MOTION TO REDUCE SENTENCE
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

COMES NOW the defendant, Harold Jackson, acting in Proper Person, a/k/a, Sui Juris, and hereby moves this Court to Reduce his Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(2), which authorizes the defendant to petition this Court to exercise its discretion to reduce his term of imprisonment "based upon a sentencing range that has subsequently been lowered by the Sentencing Commission ... upon motion of the defendant ... after considering the factors set forth in section 3553(a) ... to the extent they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.

On November 1, 2010, the Sentencing Commission lowered the base offense level for crack cocaine. See U.S.S.G. Appendix C. Amendment 750. The November 2010 changes to the guidelines followed closely on the heels of the "Fair Sentencing Act," which was signed into law on August 3, 2010. After further study, the Commission determined that Amendment 750 applies retroactively and included it among the guideline amendments covered by §1B1.10 (as of November 1, 2011), which states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c).

§ 1B1.10(a)(1); see also § 1B1.10(c)(listing Amendment 750 as covered by the policy statement). In addition, § 1B1.10(b)(1) suggests that, in determining whether, and to what extent, a reduction in defendant's term of imprisonment is warranted, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines ... had been if effect at the time of the defendant was originally sentenced."

Harold Jackson was originally sentenced on June 24, 1998, to 360 months imprisonment based on an adjusted offense level of 38 and a criminal history category of V. The guidelines range was from 360 months to life imprisonment, and the Court chose the low end of that range.

The guideline range of 360 months to life imprisonment was based on 1.5 kilograms of crack cocaine found to be applicable to Mr. Jackson. As a result of Amendment 750, the applicable guideline range decreased to 235 - 293 months. Because Mr. Jackson was originally sentenced to the low end of the guideline range, and there is nothing in Mr. Jackson's record to suggest a different sentence, the Court should impose a sentence of 235 months, the very low end his amended range.

Wherefore, in consideration of the foregoing, the defendant humbly asks this Court to Reduce his Term of Imprisonment to 235 months, pursuant to Amendment 750, along with any and all other relief that this Honorable Court deems just and proper.

Respectfully Submitted,

*Harold Jackson*
Harold Jackson