IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) No. 95 CR 510-4 and 510-5 |
| | ) |
| Clarence Haywood and Harold | ) |
| Jackson | ) |

ORDER

Defendant Haywood's unopposed motions [1754] to correct judgment and commitment order, and [1867] to compel answer to that motion are granted. Defendant Haywood's motion [1817] to modify term of imprisonment pursuant to 18 U.S.C. § 3582 is denied. Defendant Jackson's successive § 3582 motion [1868] is denied.

STATEMENT

The record supports the amendments Haywood seeks to his judgment and commitment order. The Seventh Circuit vacated his conviction on Count I of the indictment in *U.S. v. Jackson*, 207 F.3d 910, 922 (7th Cir. 2000). And Haywood is correct that the sentencing judge specifically declined to find that Haywood met the statutory definition of a "principal administrator, organizer or leader" of the continuing criminal enterprise. Tr. at 78.

Haywood is not, however, entitled to a reduction in his sentence. This is his second motion pursuant to § 3582. I

granted the first motion on June 29, 2009, as the parties agreed at the time that a modification was appropriate. The government now contends that the previous modification was in error because Haywood's guideline range did not change if both the powder cocaine and the crack cocaine attributed to him were considered.

As I recently explained in denying a similar motion brought by Haywood's co-defendant Cedric Parks, my authority to reduce a defendant's sentence pursuant to § 3582 is limited, and I may not reduce a defendant's sentence to a term that is less than the statutory mandatory minimum. *See* DN 1872 (citing, *inter alia, U.S. v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013), and *United States v. Neal*, 46 F.3d 1405, 1411 (7th Cir. 1995), *aff'd sub nom., Neal v. United States*, 516 U.S. 284 (1996)). While the Fair Sentencing Act of 2010 altered the statutory minimum penalties that apply to crack offenses, only "persons sentenced on or after August 3, 2010, receive the benefit of the lower minimum and maximum sentences specified" in the FSA. *Foster*, 706 F.3d at 888.

In view of "the excessive and massive room for error that exists," Judge Marovich did not specify the exact amount of either crack or powder cocaine for which he found Haywood responsible. Nevertheless, Judge Marovich's conclusion that defendant was responsible for "at least 1.5 kilos of crack or at least 150 kilos of powder cocaine" triggered application of the

then-applicable statutory mandatory minimum sentence. *See* Tr. at 79. Because Haywood was sentenced before August 3, 2010, he does not receive the benefit of the FSA's reduction in the mandatory minimum for crack offenses.

As for defendant Jackson, I denied his previous § 3582 motion on May 24, 2012. His successive motion presents no new issues and is equally without merit.

**ENTER ORDER:**

                                    **Elaine E. Bucklo**
                                United States District Judge

Dated: April 22, 2014